1  LOCKE LORD LLP
2  Regina J. McClendon (SBN 184669)
   rmcclendon@lockelord.com
3  Sally W. Mimms (SBN 276093)
   smimms@lockelord.com
4  44 Montgomery Street, Suite 4100
5  San Francisco, CA 94104
   Telephone: 415-318-8810
6  Facsimile: 415-676-5816
7
8  Attorneys for Defendant
   U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR
9  GREENPOINT MORTGAGE FUNDING TRUST MORTGAGE
   PASS-THROUGH CERTIFICATES, SERIES 2006-AR6
10

11          **UNITED STATES DISTRICT COURT**

12          **CENTRAL DISTRICT OF CALIFORNIA**

13

14  OCTAVIO CORONA AND ANGELICA )   CASE NO. 2:14-cv-00621-R-AS
    CORONA, on behalf of themselves and )
15  all others similarly situated,       )
                                         )   Honorable Manuel L. Real
16                                       )
                        Plaintiffs,      )   **U.S. BANK NATIONAL**
17                                       )   **ASSOCIATION, AS TRUSTEE FOR**
                                         )   **GREENPOINT MORTGAGE**
18          vs.                          )   **FUNDING TRUST MORTGAGE**
                                         )   **PASS-THROUGH CERTIFICATES,**
19  GMAC MORTGAGE LLC, GMAC              )   **SERIES 2006-AR6'S NOTICE OF**
20  MORTGAGE CORPORATION, U.S.           )   **MOTION AND MOTION TO**
    BANK NATIONAL ASSOCIATION, as        )   **DISMISS PLAINTIFFS'**
21  Trustee for GREENPOINT MORTGAGE      )   **COMPLAINT PURSUANT TO FED.**
22  FUNDING TRUST, SERIES 2006-AR6,      )   **R. CIV. P. 12(B)(1) AND 12(B)(6);**
                                         )   **MEMORANDUM OF POINTS AND**
23                      Defendants.      )   **AUTHORITIES**
24                                       )
                                         )
25                                       )   Date:  May 5, 2014
                                         )   Time: 10:00 a.m.
26                                       )   Place: Courtroom 8
27                                       )        Los Angeles – Spring Street
28  _____ )

Locke Lord LLP
44 Montgomery Street, Suite 4100
San Francisco, CA 94104

**Locke Lord LLP**
44 Montgomery Street, Suite 4100
San Francisco, CA 94104

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that on May 5, 2014 at 10:00 a.m., or as soon thereafter as the matter may be heard in the above-entitled Court, defendant U.S. Bank National Association, as Trustee for GreenPoint Mortgage Funding Trust Mortgage Pass-Through Certificates, Series 2006-AR6 (improperly named as "U.S. Bank National Association, as Trustee for GreenPoint Mortgage Funding Trust, Series 2006-AR6") will bring for hearing before the Honorable Manuel L. Real, United States District Judge, in Courtroom 8 of the United States Courthouse located at 312 N. Spring St., Los Angeles, CA, a Motion to Dismiss the complaint of plaintiffs Octavio Corona and Angelica Corona ("Plaintiffs"), on behalf of themselves and all others similarly situated, pursuant to Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

This motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities, the Request for Judicial Notice, the pleadings, papers and records on file in this case, and such oral argument as may be presented at any hearing.  This motion is made following the conference of counsel for U.S. Bank, Sally W. Mimms, and counsel for Plaintiffs, Khinh V. Yam, pursuant to L.R. 7-3, which took place on February 13, 2014.

Dated:  February 19, 2014          Respectfully submitted,

                                   LOCKE LORD LLP


                                   By:    */s/ Sally W. Mimms*
                                        Regina J. McClendon
                                        Sally W. Mimms
                                   Attorneys for Defendant
                                   U.S. Bank National Association, as Trustee for
                                   GreenPoint Mortgage Funding Trust Mortgage
                                   Pass-Through Certificates, Series 2006-AR6

# TABLE OF CONTENTS

Page(s)

I.    INTRODUCTION ...................................................................................6

II.   PERTINENT FACTS AND ALLEGATIONS ....................................6

III.  ARGUMENT.......................................................................................10

     A.    Standard of Review ................................................................10

     B.    The Complaint Must Be Dismissed On The Basis Of Res Judicata........11

     C.    The Complaint Must Also Be Dismissed On The Merits .......................13

          i.    The Foreclosure Was Exclusively Governed By The Civil Code; Thus, Plaintiffs Cannot State A Claim Based On § 3602........14

          ii.   Plaintiffs Are Not Parties Third Party Beneficiaries Of The PSA; Thus, They Lack Standing To Bring Suit Based On That Contract ................................................................15

          iii.  Plaintiffs' Theory Is Also Defective As A Matter Of Law. ..........16

          iv.  Plaintiffs Also Fail To Allege Prejudice And Tender; Thus The Foreclosure Of The Property Cannot Be Set Aside ...............18

          v.    The Property Was Sold To A Bona Fide Purchaser For Value; Thus, The Sale Cannot Be Set Aside ................................19

     D.    Plaintiffs Are Also Judicially Estopped From Bringing Their Claims........20

IV.  CONCLUSION ..................................................................................21

**Locke Lord LLP**
44 Montgomery Street, Suite 4100
San Francisco, CA  94104

---

i

NOTICE OF MOTION AND MOTION TO DISMISS
*Octavio Corona, et al. v. GMAC Mortgage LLC, et al.*, Case No. 2:14-cv-00621-R-AS

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*6 Angels, Inc. v. Stuart-Wright Mortgage, Inc.*,
   85 Cal.App.4th 1279 (2001) ................................................................20

*Arakaki v. Lingle*,
   477 F.3d 1048 (9th Cir. 2007) ..........................................................11

*Armstrong v. Chevy Chase Bank, FSB*,
   No. 11-05664, 2012 WL 4747165 (N.D. Cal. Oct. 3, 2012)............................17

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)..........................................................................11

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544 (2007)..........................................................................11

*Blanco v. Am. Home Mortg. Servicing, Inc.*,
   No. 09-578, 2009 WL 4674904 (E.D. Cal. Dec. 4, 2009)................................16

*Bleavins v. Demarest*,
   196 Cal.App.4th 1533 (2011) ............................................................16

*Casault v. Federal Nat'l Mortg. Ass'n*,
   915 F. Supp. 2d 1113 (C.D. Cal. 2012)......................................7, 17, 18

*Chandler v. State Farm Mut. Auto. Ins. Co.*,
   598 F.3d 1115 (9th Cir. 2010) ..........................................................11

*Christie v. Morgan Stanley Mortg. Capital Holdings, LLC*,
   No. 12-01584, 2012 WL 5363368 (C.D. Cal. Oct. 30, 2012)..........................17

*Debrunner v. Deutsche Bank Nat'l Trust Co.*,
   204 Cal.App.4th 433 (2012) ......................................................15, 19

*Deerinck v. Heritage Plaza Mortg. Inc.*,
   No. 11-01735, 2012 WL 1085520 (E.D. Cal. Mar. 30, 2012) ..........................17

*Dick v. American Home Mortg. Servicing, Inc.*,
   No. 13-00201, 2013 WL 5299180 (E.D. Cal. Sept. 18, 2013)..........................19

Locke Lord LLP
44 Montgomery Street, Suite 4100
San Francisco, CA 94104

ii

NOTICE OF MOTION AND MOTION TO DISMISS
*Octavio Corona, et al. v. GMAC Mortgage LLC, et al.*, Case No. 2:14-cv-00621-R-AS

*Federated Dep't Stores, Inc. v. Moitie*,
  452 U.S. 394 (1981) ............................................................................... 14

*Firato v. Tuttle*,
  48 Cal.2d 136 (1957) .............................................................................. 20

*First Fidelity Thrift & Loan Assn. v. Alliance Bank*,
  60 Cal.App.4th 1433 (1998) ................................................................... 20

*Gaitan v. Mortg. Elec. Reg. Sys.*,
  No. 09-1009, 2009 WL 3244729 (C.D. Cal. Oct. 5, 2009) ...................... 15

*Gantman v. United Pac. Ins. Co.*,
  232 Cal.App.3d 1560 (1991) .................................................................. 16

*Gardner v. Am. Home Mortg. Servs., Inc.*,
  691 F. Supp. 2d 1192 (E.D. Cal. 2010) ................................................... 15

*Hamilton v. State Farm Fire & Cas. Co.*,
  270 F.3d 778 (9th Cir. 2001) .................................................................. 21

*Helmer v. Bank of America, N.A.*,
  No. 12-00733, 2013 WL 4546285 (E.D. Cal. Aug. 27, 2013) .................. 19

*Herrera v. Countrywide KB Home Loans*,
  No. 11-03591, 2012 WL 901340 (N.D. Cal. Mar. 15, 2012) .................... 13

*Herrera v. Federal Nat'l Mortg. Assn.*,
  205 Cal.App.4th 1495 (2012) ................................................................. 19

*Hollins v. Recontrust, N.A.*,
  No. 11-945, 2011 WL 1743291 (C.D. Cal. May 6, 2011) ....................... 14

*HPG Corp. v. Aurora Loan Servs., LLC*,
  436 B.R. 569 (E.D. Cal. 2010) ............................................................... 21

*Ismail v. Wells Fargo Bank, N.A.*,
  No. 12-01653, 2013 WL 930611 (E.D. Cal. Mar. 8, 2013) ..................... 19

*Jenkins v. JP Morgan Chase Bank, N.A.*,
  216 Cal.App.4th 497 (2013) ................................................................... 17

*Lee v. City of Los Angeles*,
  250 F.3d 668 (9th Cir. 2001) .................................................................... 8

**Locke Lord LLP**
44 Montgomery Street, Suite 4100
San Francisco, CA 94104

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

NOTICE OF MOTION AND MOTION TO DISMISS
*Octavio Corona, et al. v. GMAC Mortgage LLC, et al.*, Case No. 2:14-cv-00621-R-AS

*Linkhart v. U.S. Bank Nat. Ass'n*,
No. 10-688, 2010 WL 1996895 (S.D. Cal. May 7, 2010) ...................................15

*Melendrez v. D & I Inv., Inc.*,
127 Cal.App.4th 1238 (2005) ....................................................................20

*Murphy v. Allstate Ins. Co.*,
17 Cal.3d 937 (1976) ................................................................................16

*Nochez v. Select Portfolio Servicing, Inc.*,
No. 12-01982, 2012 WL 4087239 (C.D. Cal. Sept. 17, 2012)..........................13

*Oestreicher v. Alienware Corp.*,
322 Fed. Appx. 489 (9th Cir. 2009) .............................................................14

*Ortiz v. America's Servicing Co.*,
No. 12-191, 2012 WL 2160953 (C.D. Cal. June 11, 2012) ..............................19

*Ouch, et al. v. Federal Nat'l Mortg. Ass'n, et al.*,
Case No. 1:11-cv-12090-RWZ (D. Mass. Jan. 10, 2013) ...............................7

*Owens v. Kaiser Found. Health Plan, Inc.*,
244 F.3d 708 (9th Cir. 2001) ...........................................................12, 13, 14

*Padayachi v. Indymac Bank*,
No. 09-5545, 2010 WL 1460309 (N.D. Cal. Apr. 9, 2010) .............................14

*Padayachi v. IndyMac Bank*,
No. 09-5545, 2010 WL 4367221 (N.D. Cal. Oct. 28, 2010)............................15

*Santos v. Countrywide Home Loans*,
No. 09-02642, 2009 WL 3756337 (E.D. Cal. Nov. 6, 2009) ............................14

*Schauer v. Mandarin Gems of Cal., Inc.*,
125 Cal.App.4th 949 (2005) ......................................................................16

*Sherman v. Wells Fargo Bank, N.A.*,
No. 11-0054, 2011 WL 1833090 (E.D. Cal. May 12, 2011)............................22

*Smith v. Payne*,
No. 12-01732, 2012 WL 6712041 (N.D. Cal. Dec. 26, 2012) ..........................12

*Soberanis v. Mortgage Elec. Registration Sys., Inc.*,
No. 13-1296, 2013 WL 4046458 (S.D. Cal. Aug. 8, 2013) ..............................17

**Locke Lord LLP**
44 Montgomery Street, Suite 4100
San Francisco, CA 94104

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

iv

*Solomon v. E-Loan, Inc.*,
    No. 10-2565, 2011 WL 1253840 (E.D. Cal. Mar. 30, 2011) ...........................13

*Sprewell v. Golden State Warriors*,
    266 F.3d 979 (9th Cir. 2001) ...........................................................................11

*Stebley v. Litton Loan Servicing, LLP*,
    202 Cal.App.4th 522 (2011) .............................................................................19

*Summers v. Earth Island Inst.*,
    555 U.S. 488 (2009)....................................................................................11, 16

*Tahoe-Sierra Preservation Council, Inc. v. Tahoe Reg'l Planning Agency*,
    322 F.3d 1064 (9th Cir. 2003) .....................................................................12, 13

*Vertkin v. Wells Fargo Home Mortg.*,
    No. 10-00775, 2010 WL 3619798. (N.D. Cal. Sept. 9, 2010) ..........................21

*Webb v. Indymac Bank Home Loan Servicing*,
    No. 09-2380, 2010 WL 121084 (E.D. Cal. Jan. 7, 2010)...................................15

*Wells Fargo Bank, N.A. v. Heintz*,
    No. 10-01633, 2012 WL 9496361 (C.D. Cal. Jan. 18, 2012) ...........................20

*Whittle v. Wells Fargo Bank, N.A.*,
    No. 10-0429, 2010 WL 1444532 (E.D. Cal. Apr. 9, 2010)...............................13

STATUTES

Cal. Civ. Code § 2924a..............................................................................................15

Cal. Civ. Code § 2932................................................................................................18

Cal. Comm. Code § 3602..............................................................................7, 10, 14, 15

FEDERAL RULES

Fed. R. Civ. P. 12(b)(1) ...............................................................................7, 11, 16

Fed. R. Civ. P. 12(b)(6) ...........................................................................7, 11, 14, 16

NOTICE OF MOTION AND MOTION TO DISMISS
*Octavio Corona, et al. v. GMAC Mortgage LLC, et al.*, Case No. 2:14-cv-00621-R-AS

**Locke Lord LLP**
44 Montgomery Street, Suite 4100
San Francisco, CA 94104

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Locke Lord LLP
44 Montgomery Street, Suite 4100
San Francisco, CA 94104

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

On January 27, 2014, plaintiffs Octavio and Angelica Corona ("Plaintiffs") filed this putative class action against several defendants including U.S. Bank National Association, as Trustee for GreenPoint Mortgage Funding Trust Mortgage Pass-Through Certificates, Series 2006-AR6 (improperly named as "U.S. Bank National Association, as Trustee for GreenPoint Mortgage Funding Trust, Series 2006-AR6," hereinafter "U.S. Bank") through their counsel Khinh V. Yam and Todd S. Dion.  The complaint contains two purported "causes of action," for "equitable remedy" and "declaratory judgment."  Both of them must be dismissed pursuant to Rule 12(b)(1) and (6) for several reasons, including those set forth in an opinion by the Honorable David O. Carter dismissing substantively identical claims, with prejudice, in a putative class action that was previously filed by Plaintiffs' counsel.[1]

In addition those reasons, Plaintiffs' "causes of action" must be dismissed because (1) California Commercial Code § 3602 does not govern the nonjudicial foreclosure at issue in this action; (2) Plaintiffs lack standing to bring suit based on the pooling and servicing agreement on which they attempt to sue; (3) Plaintiffs also fail to allege prejudice and tender as required to set aside the sale, (4) the subject property has already been sold to a bona fide purchaser for value; and (5) Plaintiffs are judicially estopped from bringing their claims.  For each of these reasons, and for all of them, this action should be dismissed with prejudice.

## II.   PERTINENT FACTS AND ALLEGATIONS

This action relates to real property located at 12611 Athens Way, Los Angeles, CA 90059 (the "Property").  Compl. ¶¶ 7, 33-34.  On or about August 17, 2006, Plaintiffs used the Property as security to take out a loan in the amount of $408,000

---

[1] *Casault v. Federal Nat'l Mortg. Ass'n*, 915 F. Supp. 2d 1113 (C.D. Cal. 2012); *see also Ouch, et al. v. Federal Nat'l Mortg. Ass'n, et al.*, Case No. 1:11-cv-12090-RWZ (D. Mass. Jan. 10, 2013) (dismissing analogous claims, citing to *Casault*).

(the "Loan") that was memorialized by a Note and a Deed of Trust.  *Id.*; RJN Ex. 1-2.[2]
The Deed of Trust identifies GreenPoint Mortgage Funding Inc. ("GreenPoint") as
"Lender" and Plaintiffs as "Borrower."  RJN Ex. 2 p. 1.

The Deed of Trust also provides that: "The beneficiary of this Security
Instrument is [Mortgage Electronic Registrations Systems, Inc. ("MERS")] …" RJN
Ex. 2 p. 3.  MERS thereafter assigned all its beneficial interest in the Deed of Trust to
GMAC Mortgage LLC ("GMACM").  RJN Ex. 3.

On March 27, 2009, a Substitution of Trustee was recorded in favor of
Executive Trustee Services, LLC dba ETS Services, LLC ("ETS").  RJN Ex. 4.

Later on March 27, 2009, a Notice of Default was recorded by ETS indicating
that Plaintiffs were $13,667.82 in default on the Loan.  RJN Ex. 5.  Plaintiffs admit
that they received this notice.  Compl. ¶ 37.

On June 30, 2009, a Notice of Trustee's Sale was recorded by ETS indicating
that the estimated amount of unpaid balance and other charges on the loan was
$479,126.64.  RJN Ex. 6.  On September 27, 2010, an updated Notice of Trustee's
Sale was recorded by ETS against the Property.  RJN Ex. 7.  Plaintiffs admit they
received both of these notices as well.  Compl. ¶¶ 39, 40.

On or about August 24, 2011, the Property was sold at trustee's sale to the
foreclosing beneficiary, GMACM.  RJN Ex. 8.  A Trustee's Deed Upon Sale was
recorded on August 31, 2011.  *Id.*

Plaintiffs allege that, at all relevant times, GMACM was acting in its capacity
"as Servicer for the GreenPoint Mortgage Funding Trust, Series 2006-AR6."  *See*
Compl. ¶¶ 38-41.

On February 13, 2012, Angelica Corona filed for bankruptcy.  RJN Ex. 9-10.
On April 12, 2012, GMACM was granted relief from the automatic stay to proceed

---

[2] True and correct copies of documents in the public record and/or integral to the
claims asserted have been attached to U.S. Bank's Request for Judicial Notice
("RJN").  *See Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001).

**Locke Lord LLP**
44 Montgomery Street, Suite 4100
San Francisco, CA  94104

with an unlawful detainer action as to the Property.  RJN Ex. 11.[3]  On May 2, 2012, GMACM received a judgment in the unlawful detainer action.  RJN Ex. 14.

On June 13, 2012, Plaintiffs brought an action styled *Octavio Corona, et al. v. GreenPoint Mortg. Funding, Inc., et al*., Case No. BC486534, in the Superior Court of Los Angeles ("the Prior Action") against several defendants, ***including U.S. Bank***, which contended that the foreclosure of the Property was wrongful based on purported violations California nonjudicial foreclosure law and/or the terms a Pooling and Servicing Agreement ("PSA").  RJN Ex. 15, 16.  On December 12, 2012, after U.S. Bank's demurrer was sustained without leave to amend, a judgment of dismissal was entered in favor of U.S. Bank and against Plaintiffs.  RJN Ex. 17.

On or about June 13, 2013, GMACM sold the Property to a third party.  RJN Ex. 18.  The grant deed was recorded on June 21, 2013.  *Id*.

Finally, on January 27, 2014, more than two years after the Property was sold at trustee's sale, approximately a year and half since GMACM received relief from the automatic stay and a judgment in the unlawful detainer action, more than a year since U.S. Bank received a judgment in the Prior Action, and more than seven months after GMACM sold the Property to a third party, Plaintiffs now choose to bring this action seeking an order that "the foreclosure actions by the Defendants" were "null and void" and the Property should be "returned" to Plaintiffs.  Compl. ¶ 63.  In seeking this relief, Plaintiffs do ***not*** claim that they complied with their obligation to make monthly payments towards the Loan.  Instead the theory underlying their entire action hinges on their ***failure*** to make these payments.  Specifically, Plaintiffs claim that, under  the "delinquency advance clause[]" of the PSA, if a mortgagor of a loan covered by the PSA does not make its monthly payments, the servicer of the loan is "contractually obligated to pay the mortgagor's obligation to the trustee/trust."

---

[3] On April 30, 2012, Octavio Corona also filed for bankruptcy.  RJN. Ex 12-13.  In that bankruptcy he claimed that he owned no real property.  RJN Ex. 13, Schedule A.  His petition was dismissed on May 18, 2012.  RJN Ex. 12.

Locke Lord LLP
44 Montgomery Street, Suite 4100
San Francisco, CA  94104

Compl. ¶ 15.  Based on this theory Plaintiffs assert that, although they did not make their monthly payments towards the Loan, they were not "in default" because GMACM was "contractually obligated" to advance payments to U.S. Bank.  Compl. ¶¶ 17, 28, 30, 42-44, 49-50, 58.

However, the Deed of Trust states "*Borrower* shall pay when due the principal of, and interest on, the debt evidenced by the Note," (RJN Ex. 1 p. 4 § 3 (emphasis added)) and the Note clearly states that "*I* will make *my* monthly payments on the first day of each month," "*I* will make these payments every month until *I* have paid all the Principal and interest and any other charges described below that *I* may owe under this Note," and "If *I* do not pay the full amount of each Minimum Payment on the date it is due, *I* will be in default" (RJN Ex. 2 p. 2 § 3(A), p. 3 § 7(B) (emphasis added)).  Moreover, Plaintiffs do not, and cannot, claim that *they* are a party or intended third party beneficiary of any agreement that frees them of *their obligation* to make monthly loan payments.

Nonetheless, entirely based on the above-described theory, Plaintiffs attempt to bring two "causes of action" (more properly characterized as remedies), for "equitable remedy" and "declaratory judgment," against U.S. Bank on their own behalves and on behalf of a vaguely-described putative class of "all mortgagors who were subjected to attempted foreclosure actions, completed foreclosure actions and subsequent evictions" in purported violation of California Commercial Code § 3602.  *See* Compl. ¶¶ 42-47, 49-50, 58.

For the *many* reasons set forth below, Plaintiffs are not entitled to any relief from U.S. Bank in either an individual or representative capacity.  On the contrary, their claims should be dismissed with prejudice, both based on *res judicata* (because Plaintiffs' prior action challenging the foreclosure of the Property was dismissed with prejudice as to U.S. Bank) and on the merits (for *numerous* reasons, including but not limited to those that formed the basis for dismissing the analogous claims in *Casualt*, a putative class action previously filed by Plaintiffs' counsel).

**Locke Lord LLP**
44 Montgomery Street, Suite 4100
San Francisco, CA 94104

## III.   ARGUMENT

### A.   Standard of Review

A party seeking relief in federal court "bears the burden of showing that he has standing for each type of relief sought." *Summers v. Earth Island Inst*., 555 U.S. 488, 493 (2009). "Because standing … pertain[s] to federal courts' subject matter jurisdiction, [the issue is] properly raised in a Rule 12(b)(1) motion to dismiss." *Chandler v. State Farm Mut. Auto. Ins. Co*., 598 F.3d 1115, 1122 (9th Cir. 2010). Lack of standing also serves as a basis for a motion to dismiss under Rule 12(b)(6). *See Arakaki v. Lingle*, 477 F.3d 1048, 1056 (9th Cir. 2007). Thus, in contending that Plaintiffs lack standing to bring their claims, U.S. Bank has moved under both rules.

Additionally, "[t]o survive a [Rule 12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In doing so, a court engages in a two-prong inquiry:

First, a court accepts all well-pled allegations as true, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. at 678 (citation omitted). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id*. (citation omitted). Nor need a court "accept as true allegations that contradict matters properly subject to judicial notice or by exhibit." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

Second, the court determines whether the well-pled factual allegations are sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)).

10

NOTICE OF MOTION AND MOTION TO DISMISS
*Octavio Corona, et al. v. GMAC Mortgage LLC, et al.*, Case No. 2:14-cv-00621-R-AS

**B.      The Complaint Must Be Dismissed On The Basis Of Res Judicata**

The doctrine of res judicata (*i.e.* claim preclusion) "bars litigation in an action if any of the claims were raised or could have been raised in a previous action." *Smith v. Payne*, No. 12-01732, 2012 WL 6712041, *5 (N.D. Cal. Dec. 26, 2012) (citing *Owens v. Kaiser Found. Health Plan, Inc*., 244 F.3d 708, 713 (9th Cir. 2001)). "A plaintiff 'cannot avoid the bar of res judicata merely by alleging conduct by the defendant not alleged in his prior action or by pleading a new legal theory.'" *Id*. (citing *McClain v. Apodaca*, 793 F.2d 1031, 1034 (9th Cir. 1986)).

Res judicata applies when there is "(1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties." *Tahoe-Sierra Preservation Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1077 (9th Cir. 2003) (citations and quotations omitted). "Identity of claims exists when two suits arise from 'the same transactional nucleus of facts. Newly articulated claims based on the same nucleus of facts may still be subject to a res judicata finding if the claims could have been brought in the earlier action." *Id*. at 1077-78 (internal citations and quotations omitted). Further, "[t]he Supreme Court has made clear … that there is 'no principle of law or equity which sanctions the rejection by a federal court of the salutary principle of res judicata.'" *Owens*, 244 F.3d at 714 (quoting *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 401 (1981)).

Here, all three requirements of res judicata are met.  First, there is the requisite identity of claims.  The Prior Action attempted to bring claims against U.S. Bank (erroneously sued as "GreenPoint Mortgage Funding Trust, Series 2006-AR5; U.S. Bank National Association, as Trustee") to enjoin the then-completed foreclosure of the Property.  RJN Ex. 15, 16.[4]  Plaintiffs' claims in the instant Complaint similarly seek bring claims against U.S. Bank to challenge the foreclosure of the Property.  And

---

[4] In fact, like here, Plaintiffs contended that the foreclosure was unlawful based on purported violations of California nonjudicial foreclosure law and/or the terms of a PSA.  RJN Ex. 16 ¶¶ 25-43.

Locke Lord LLP
44 Montgomery Street, Suite 4100
San Francisco, CA 94104

they arose, if at all, before the Prior Action was filed on June 13, 2012.  RJN Ex. 8; Compl. ¶¶ 37, 41 (admitting that Plaintiffs defaulted in 2009 and the foreclosure took place in 2011).  Thus, the "identity of claims" requirement is met.  *See Whittle v. Wells Fargo Bank, N.A.,* No. 10-0429, 2010 WL 1444532, *5 (E.D. Cal. Apr. 9, 2010) (granting motion to dismiss on the basis of *res judicata*, finding identify of claims where "the prior and current complaints … seek to enjoin property foreclosure," and "[d]espite its theory or label, any purported claim in the current complaint could have been raised in the prior action"); *Nochez v. Select Portfolio Servicing, Inc*., No. 12-01982, 2012 WL 4087239, *1 (C.D. Cal. Sept. 17, 2012) (granting motion to dismiss on the basis of res judicata, finding identity of claims where "Plaintiff's claims in both actions are tied to the … Defendants' right to conduct a foreclosure sale"); *Herrera v. Countrywide KB Home Loans*, No. 11-03591, 2012 WL 901340, *4 (N.D. Cal. Mar. 15, 2012) (granting motion to dismiss on the basis of res judicata, finding identity of claims where "the two suits involve infringement of the same primary right against wrongful foreclosure …").

Second, U.S. Bank received a judgment on the merits in the Prior Action.  On December 12, 2012, after U.S. Bank's demurrer to Plaintiffs' complaint was sustained without leave to amend, a judgment of dismissal was entered in favor of U.S. Bank and against Plaintiffs.  RJN Ex. 17.

Third and finally, the requisite privity exists.  "[P]rivity is a flexible concept" and may exist "[e]ven when the parties are not identical … if there is 'substantial identity' between parties, that is, when there is sufficient commonality of interest." *Tahoe-Sierra*, 322 F.3d 1064 at 1081-82 (internal citations omitted); *Solomon v. E-Loan, Inc*., No. 10-2565, 2011 WL 1253840, *5 (E.D. Cal. Mar. 30, 2011) (granting motion to dismiss on the basis of res judicata, applying this principle).  Here there can be no question as to whether the requirement of privity has been met—the Prior Action was brought by the same Plaintiffs against U.S. Bank.

**Locke Lord LLP**
44 Montgomery Street, Suite 4100
San Francisco, CA  94104

12

NOTICE OF MOTION AND MOTION TO DISMISS
*Octavio Corona, et al. v. GMAC Mortgage LLC, et al.*, Case No. 2:14-cv-00621-R-AS

Thus, all three requirements of res judicata are met.  This action ***must*** be dismissed, with prejudice, as a result.  *See Owens*, 244 F.3d at 714 (holding that "'no principle of law or equity … sanctions the rejection … of the salutary principle of res judicata.'") (quotation omitted); *Moitie*, 452 U.S. at 401-02 (explaining that "the mischief that would follow the establishment of precedent for ... disregarding this salutary doctrine against prolonging strife would be greater than the benefit which would result from relieving some case of individual hardship.").

### C.    The Complaint Must Also Be Dismissed On The Merits

Plaintiffs' two "causes of action," which are more properly characterized as remedies, are premised on the same legal theory, namely that the foreclosure of the Property constituted a violation of California Commercial Code § 3602 because, although Plaintiffs failed to make timely monthly payments as required by the express terms of the Note and Deed of Trust, they were not "in default" on the Loan because GMACM was "obligated" by the terms of a PSA to advance payments to U.S. Bank. *See* Compl. ¶¶ 17, 28, 30, 42-44, 49-50, 58.

As explained below, both claims, and the complaint as a whole, must be dismissed because this theory is defective as a matter of law.  *See Oestreicher v. Alienware Corp*., 322 Fed. Appx. 489, 493 (9th Cir. 2009) ("A Rule 12(b)(6) dismissal may be based on either 'the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'") (citation omitted).[5]

///

///

---

[5] *See also Padayachi v. Indymac Bank*, No. 09-5545, 2010 WL 1460309, *2 (N.D. Cal. Apr. 9, 2010) ("A claim for declaratory relief … is not a stand-alone claim, but instead depends upon some other substantive basis for liability."); *Santos v. Countrywide Home Loans*, No. 09-02642, 2009 WL 3756337, *5 (E.D. Cal. Nov. 6, 2009) ("declaratory and injunctive relief are not independent claims, but rather they are forms of relief") (citation omitted); *Hollins v. Recontrust, N.A.*, No. 11-945, 2011 WL 1743291, *3-4 (C.D. Cal. May 6, 2011) (dismissing claim for declaratory relief "predicated on allegations supporting a legally misguided theory" with prejudice).

**Locke Lord LLP**
44 Montgomery Street, Suite 4100
San Francisco, CA 94104

Locke Lord LLP
44 Montgomery Street, Suite 4100
San Francisco, CA 94104

**i.     The Foreclosure Was Exclusively Governed By The Civil Code; Thus, Plaintiffs Cannot State A Claim Based On § 3602**

Plaintiffs' claims are directly premised on the contention that the foreclosure of the Property constituted a violation of Commercial Code § 3602.  *See* Compl. ¶¶ 47, 50, 57-58.  But, California's ***Commercial*** Code "is inapplicable in the context of [non-judicial] foreclosure actions," like the one at issue in this action.  *See* RJN Ex. 8; *Linkhart v. U.S. Bank Nat. Ass'n*, No. 10-688, 2010 WL 1996895, *3 (S.D. Cal. May 7, 2010) (holding that "'[s]ection 3301 reflects California's adoption of the Uniform Commercial Code, and does not govern non-judicial foreclosures'") (internal citations omitted); *Debrunner v. Deutsche Bank Nat'l Trust Co.*, 204 Cal.App.4th 433, 441 (2012) ("[R]eliance on the California Uniform Commercial Code provisions pertaining to negotiable instruments [to challenge defendants' authority to initiate foreclosure] is misplaced."); *Padayachi v. IndyMac Bank*, No. 09-5545, 2010 WL 4367221, *3 (N.D. Cal. Oct. 28, 2010) ("Although Article 3 of the UCC governs negotiable instruments, it does not apply to nonjudicial foreclosure under deeds of trust.").  Instead, the nonjudicial foreclosure process is governed ***exclusively*** by the statutory framework in the ***Civil*** Code.  *Gardner v. Am. Home Mortg. Servs., Inc.*, 691 F. Supp. 2d 1192, 1202 (E.D. Cal. 2010) ("California courts have consistently held that the Civil Code provisions 'cover every aspect' of the foreclosure process and are 'intended to be exhaustive.'") (citations omitted, collecting authority); *Debrunner*, 204 Cal.App.4th at 440 ("The comprehensive statutory framework established [in Cal. Civ. Code §§ 2924a to 2924*l*] to govern nonjudicial foreclosure sales is intended to be exhaustive.") (alterations in the original, quotation omitted).

For this reason, both of Plaintiffs' "causes of action" must be dismissed as to U.S. Bank.  *See, e.g., Gardner*, 691 F. Supp. 2d at 1202 (dismissing wrongful foreclosure claim premised on provisions of Commercial Code); *Webb v. Indymac Bank Home Loan Servicing,* No. 09-2380, 2010 WL 121084, *5 (E.D. Cal. Jan. 7, 2010) (same); *Gaitan v. Mortg. Elec. Reg. Sys.*, No. 09-1009, 2009 WL 3244729, *10

(C.D. Cal. Oct. 5, 2009) (same); *Blanco v. Am. Home Mortg. Servicing, Inc*., No. 09-578, 2009 WL 4674904, *9 (E.D. Cal. Dec. 4, 2009) (same).

  **ii. Plaintiffs Are Not Parties Third Party Beneficiaries Of The PSA; Thus, They Lack Standing To Bring Suit Based On That Contract**

  A party seeking relief in federal court "bears the burden of showing that he has standing for each type of relief sought." *Summers v. Earth Island Inst*., 555 U.S. 488, 493 (2009). Here both of Plaintiffs' claims are directly premised on the contention that a PSA "obligated" GMACM to advance payments to U.S. Bank. Compl. ¶¶ 17, 28, 30, 42-44, 49-50, 58. They must be dismissed pursuant to Rules 12(b)(1) and (6) because Plaintiffs lack standing to sue based on any such theory.

  Under California law, "'[s]omeone who is not a party to [a] contract has no standing to enforce the contract ....'" *Gantman v. United Pac. Ins. Co.*, 232 Cal.App.3d 1560, 1566 (1991) (citations omitted). Similarly, "'[s]omeone who is not a party to [a] contract has no standing to [challenge the performance of] the contract ....'" *Bleavins v. Demarest*, 196 Cal.App.4th 1533, 1542 (2011) (citations omitted, alterations in the original). There is an exception for actions properly brought pursuant to a third party beneficiary theory, but to sue under that theory, the contracting parties' intent to benefit the plaintiff must appear in the terms of the agreement. *Schauer v. Mandarin Gems of Cal., Inc*., 125 Cal.App.4th 949, 957-58 (2005). In all, "[a] third party should not be permitted to enforce covenants made not for his benefit.... As to any provision made not for his benefit but for the benefit of the contracting parties or for other third parties, he becomes an intermeddler." *Murphy v. Allstate Ins. Co*., 17 Cal.3d 937, 944 (1976) (citations omitted).

  Here Plaintiffs do not allege facts showing that they are parties to or intended third party beneficiaries of the PSA governing the Greenpoint Mortgage Funding Trust Mortgage Pass-Through Certificates, Series 2006-AR6. Nor could they do so, as Plaintiffs are not. *See* RJN Ex. 19. Indeed, the PSA expressly identifies the parties and intended third party beneficiaries, and Plaintiffs (or borrowers, more generally)

Locke Lord LLP
44 Montgomery Street, Suite 4100
San Francisco, CA 94104

are not among them.  RJN Ex. 19 p. 54, Section 9.16 (entitled "Intended Third Party Beneficiaries").  Thus, Plaintiffs lack standing to bring any claims based on purported obligations that GMACM had under that agreement.  *See Jenkins v. JP Morgan Chase Bank*, *N.A.*, 216 Cal.App.4th 497, 514-15 (2013) ("As an unrelated third party to the alleged securitization, … Jenkins lacks standing to enforce any agreements, including the investment trust's pooling and servicing agreement ….") (citations omitted).[6]

For this reason as well, both of Plaintiffs' "causes of action" should be dismissed as to U.S. Bank, and with prejudice.

### iii.   Plaintiffs' Theory Is Also Defective As A Matter Of Law.

This is not the first time that Plaintiffs' counsel has attempted to bring a putative class action complaint based on the theory that, under a the "delinquency advance clause[]" of a PSA, if a mortgagor of a securitized loan does not make its monthly payments, the servicer of the loan is "contractually obligated to pay the mortgagor's obligation to the trustee/trust."  *See* Compl. ¶ 15.  In fact, they previously attempted to bring an action in this very district court based on that theory.  And, in that action, the Honorable David O. Carter dismissed the claims with prejudice. *Casault*, 915 F. Supp. 2d at 1132-36.  Here Plaintiffs' claims should also be dismissed with prejudice for several reasons, including those set forth in that opinion.

As a preliminary matter, Plaintiffs assert that, although they did not make their monthly payments towards the Loan, they were not "in default" because GMACM was "obligated" to advance payments to U.S. Bank under the PSA governing trust. Compl. ¶¶ 17, 28-30, 42-44, 49-50, 58.  The problem with this theory is that, under the PSA in question, ***"The Servicer shall not be required to make Monthly Advances."***

---

[6] *Accord Soberanis v. Mortgage Elec. Registration Sys., Inc.*, No. 13-1296, 2013 WL 4046458, *4 (S.D. Cal. Aug. 8, 2013); *Christie v. Morgan Stanley Mortg. Capital Holdings, LLC*, No. 12-01584, 2012 WL 5363368, *4 (C.D. Cal. Oct. 30, 2012); *Armstrong v. Chevy Chase Bank, FSB*, No. 11-05664, 2012 WL 4747165, *2 (N.D. Cal. Oct. 3, 2012); *Deerinck v. Heritage Plaza Mortg. Inc.*, No. 11-01735, 2012 WL 1085520, *5 (E.D. Cal. Mar. 30, 2012).

Locke Lord LLP
44 Montgomery Street, Suite 4100
San Francisco, CA  94104

**Locke Lord LLP**
44 Montgomery Street, Suite 4100
San Francisco, CA 94104

1  RJN Ex. 19 p. 33, Section 4.03 (entitled "Monthly Advances by Servicer") (emphasis
2  added). Thus, GMACM had no such obligation.

3  Moreover, even if this were not the case, Plaintiffs' assertion that obligations
4  that GMACM has under a PSA would relieve Plaintiffs of their obligation under the
5  Note to make monthly mortgage payments or be in default is incorrect as a matter of
6  law for the reasons discussed in *Casault*, including that the PSA (1) was not created
7  for the benefit of the Plaintiffs; (2) did not constitute a forfeiture of the right to
8  foreclose on Plaintiffs' property; and (3) "default" is clearly defined in the Note as
9  Plaintiffs' failure to make loan payments. *See Casault*, 915 F. Supp. 2d at 1135.

10  First, as discussed previously, the PSA expressly identifies the parties and
11  intended third party beneficiaries, and Plaintiffs (or borrowers, more generally) are not
12  among them. RJN Ex. 19 p. 54, Section 9.16 (entitled "Intended Third Party
13  Beneficiaries"). Second, any servicing advances incurred (including attorney's fees
14  and disbursements, and other expenses incurred by the servicer in its servicing
15  obligations, *see* RJN Ex. 19 p. 12) made under the PSA are recoverable by the servicer
16  "following the liquidation or other recovery of a Mortgage Loan," *see id*. p. 18,
17  Section 3.04(iii)-(iv). Third, as in *Casault*, the Note expressly provides that Plaintiffs
18  must make their monthly payments or they will be in default. *See* RJN Ex. 2 p. 2 §
19  3(A), p. 3 § 7(B) (stating that "*I* will make *my* monthly payments on the first day of
20  each month," "*I* will make these payments every month until *I* have paid all the
21  Principal and interest and any other charges described below that *I* may owe under
22  this Note," and "If *I* do not pay the full amount of each Minimum Payment on the date
23  it is due, *I* will be in default") (emphasis added).[7]

24  For these reasons as well, both of Plaintiffs' "causes of action" should be
25  dismissed as to U.S. Bank, and with prejudice.

26

27  _____

[7] Relatedly, nonjudicial foreclosure is proper where a borrower breaches his obligation
28  under a note secured by a deed of trust. *Casault*, 915 F. Supp. 2d at 1136; Cal. Civ.
Code § 2932.

17

Locke Lord LLP
44 Montgomery Street, Suite 4100
San Francisco, CA 94104

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### iv. Plaintiffs Also Fail To Allege Prejudice And Tender; Thus The Foreclosure Of The Property Cannot Be Set Aside

To state a claim to set aside a foreclosure, Plaintiffs must allege facts showing that a defect in the foreclosure process resulted in prejudice to them. *See Debrunner*, 204 Cal.App.4th at 443; *Herrera v. Federal Nat'l Mortg. Assn.*, 205 Cal.App.4th 1495, 1507-08 (2012). Here, Plaintiffs fail to allege any such facts. On the contrary, Plaintiffs do not contest that they failed to make the payments required by the Loan. Thus, they cannot state a claim to set aside the foreclosure of the Property. *See Dick v. American Home Mortg. Servicing, Inc.*, No. 13-00201, 2013 WL 5299180, *3 (E.D. Cal. Sept. 18, 2013) (granting motion to dismiss wrongful foreclosure claim for failure to allege prejudice where the borrowers defaulted); *Herrera*, 205 Cal.App.4th at 1507-08 (affirming dismissal of wrongful foreclosure claim on these grounds)

Relatedly, "[a] valid and viable tender is a necessary prerequisite to any attempt to challenge a foreclosure sale, including any claims that are 'implicitly integrated' with the allegations of an irregular sale." *Ortiz v. America's Servicing Co.*, No. 12-191, 2012 WL 2160953, *9-10 (C.D. Cal. June 11, 2012) (quoting *Arnolds Management Corp. v. Eischen*, 158 Cal.App.3d 575, 578-79 (1984)). "Courts must strictly apply the tender rule in wrongful foreclosure cases. *Helmer v. Bank of America, N.A.*, No. 12-00733, 2013 WL 4546285, *5 (E.D. Cal. Aug. 27, 2013) (citing *Nguyen v. Calhoun*, 105 Cal.App.4th 428, 439 (2003)). Thus, even if a plaintiff "otherwise had a viable claim attacking the sale," "[a] full tender must be **made** to **set aside** a foreclosure sale . . . ." *Stebley v. Litton Loan Servicing, LLP*, 202 Cal.App.4th 522, 526 (2011) (emphasis added). Here, Plaintiffs do not allege that they have tendered the full loan proceeds. This also necessitates dismissal of Plaintiffs' claims. *See Ortiz*, 2012 WL 2160953 at *10; *see also Helmer*, 2013 WL 4546285 at *5 (dismissing claims on this basis); *Ismail v. Wells Fargo Bank, N.A.*, No. 12-01653, 2013 WL 930611, *6 (E.D. Cal. Mar. 8, 2013) (same).

///

18

NOTICE OF MOTION AND MOTION TO DISMISS
*Octavio Corona, et al. v. GMAC Mortgage LLC, et al.*, Case No. 2:14-cv-00621-R-AS

### v.   The Property Was Sold To A Bona Fide Purchaser For Value; Thus, The Sale Cannot Be Set Aside

Following the trustee's sale, a trustee's deed upon sale was recorded on August 31, 2011 in favor of the foreclosing beneficiary, GMACM.  RJN Ex. 8.  Then, on or about June 13, 2013, GMACM sold the Property to a third party.  RJN Ex. 18.  A grant deed memorializing that sale was recorded on June 21, 2013.  *Id*.

Under California law, a sale of real property "can be successfully attacked … only if the buyer is not a bona fide purchaser."  *See 6 Angels, Inc. v. Stuart-Wright Mortgage, Inc*., 85 Cal.App.4th 1279, 1284 (2001).  Plaintiffs, however, fail to allege facts showing that GMACM, let alone the subsequent third party purchaser, was not a bona fide purchaser.  *See Melendrez v. D & I Inv., Inc*., 127 Cal.App.4th 1238, 1253 (2005) (holding that the elements of bona fide purchase are (1) payment of value (2) without actual or constructive notice of a competing claim); *First Fidelity Thrift & Loan Assn. v. Alliance Bank,* 60 Cal.App.4th 1433, 1444-45 (1998) (explaining, as to the second element, that there is no duty to investigate beyond the state of record title); *Firato v. Tuttle*, 48 Cal.2d 136, 138 (1957) (affirming judgment for defendants, explaining that where defendants "are shown by the pleadings to hold legal title, the burden is on plaintiffs to plead and prove that [the defendants] were not innocent purchasers"); *Wells Fargo Bank, N.A. v. Heintz*, No. 10-01633, 2012 WL 9496361, *5 (C.D. Cal. Jan. 18, 2012) (finding that claims seeking to set aside a foreclosure sale were not viable where the plaintiff failed to show that the foreclosing beneficiary was not a bona fide purchaser).

Indeed, there is nothing in the complaint to suggest that both GMACM ***and*** the subsequent third party buyer (1) failed to purchase the Property for value or (2) had any knowledge of any valid, superior claim held by Plaintiffs.  Nor could they, as Plaintiffs do not and cannot truthfully allege that they the required payments under the Loan.  Thus, nonjudicial foreclosure was manifestly proper.  For this reason as well, Plaintiffs' claims must be dismissed.

**Locke Lord LLP**
44 Montgomery Street, Suite 4100
San Francisco, CA 94104

**D.    Plaintiffs Are Also Judicially Estopped From Bringing Their Claims**

The complaint should also be dismissed because a plaintiff will be "estopped from making claims which he omitted from his bankruptcy schedule." *See Vertkin v. Wells Fargo Home Mortg.*, No. 10-00775, 2010 WL 3619798, *3. (N.D. Cal. Sept. 9, 2010). Judicial estoppel "'precludes a party from gaining an advantage by taking one position, and then later seeking an advantage by taking a clearly inconsistent position.'" *Id.* (quoting *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 782 (9th Cir. 2001)).[8] It "***will be*** imposed when the debtor has knowledge of enough facts to know that a potential cause of action exists during the pendency of the bankruptcy, but fails to amend his schedules or disclosure statements to identify the cause of action as a contingent asset." *Hamilton*, 270 F.3d at 784 (emphasis added).

Here Plaintiffs' claims arose, if at all, on or before August 31, 2011. *See* RJN Ex. 8 (trustee's deed upon sale); *see also* Compl. ¶¶ 37, 41 (admitting that Plaintiffs defaulted in 2009 and the foreclosure took place in 2011). But, in Item 21 of the Schedule B that Angelica Corona filed on April 2, 2012 in her bankruptcy, which required her to disclose "contingent and unliquidated claims of every nature, including … counterclaims of the debtor and rights to setoff claims," she indicated "none." RJN Ex. 10, Schedule B, § 21. Similarly, in Item 21 of the Schedule B that Octavio Corona filed on May 17, 2012 in his bankruptcy, he indicated "none." RJN Ex. 13, Schedule B, § 21. Plaintiffs never amended their bankruptcy schedules to include these claims. RJN Ex. 9, 12.

As such, Plaintiffs should be estopped from bringing their claims in this action. *See HPG Corp. v. Aurora Loan Servs., LLC*, 436 B.R. 569, 578 (E.D. Cal. 2010) (dismissing borrower's claims as judicially estopped, stating: "[A]s in *Hamilton*,

---

[8] "The Bankruptcy Code and Rules 'impose upon the bankruptcy debtors an express, affirmative duty to disclose all assets, including contingent and unliquidated claims.'" *Hamilton*, 270 F.3d at 785 (citation omitted). A failure to do so "deceive[s] the bankruptcy court and [a plaintiff's] creditors, who rel[y] on the schedules to determine what action, if any, they … take in the matter." *Id.*

**Locke Lord LLP**
44 Montgomery Street, Suite 4100
San Francisco, CA 94104

plaintiffs have asserted inconsistent positions by failing to include a cause of action in their bankruptcy filings and subsequently attempting to sue on that claim outside of the bankruptcy proceeding. … By filing their petitions with the bankruptcy court, the debtors, by operation of laws that initially presume the filing of good-faith and truthful petitions, received the benefits of automatic stays from the bankruptcy courts. … [P]laintiffs enjoyed the benefit of these stays … [but] failed to comply with the requirement of full, accurate disclosures."); *Sherman v. Wells Fargo Bank, N.A.*, No. 11-0054, 2011 WL 1833090, *4-5 (E.D. Cal. May 12, 2011) (dismissing borrower's claims as judicially estopped, stating: "According to the complaint, plaintiffs' claims accrued … by April 30, 2010, and before they filed the bankruptcy petition in May 2010. Accordingly, plaintiffs do not have standing to bring this suit.").

## IV. CONCLUSION

For the foregoing reasons, U.S. Bank respectfully requests that the Court grant its motion and dismiss the entire complaint as to U.S. Bank, with prejudice.

Dated: February 19, 2014                    Respectfully submitted,

LOCKE LORD LLP

By:   */s/ Sally W. Mimms*
        Regina J. McClendon
        Sally W. Mimms
Attorneys for Defendant
U.S. Bank National Association, as Trustee for
GreenPoint Mortgage Funding Trust Mortgage
Pass-Through Certificates, Series 2006-AR6

Locke Lord LLP
44 Montgomery Street, Suite 4100
San Francisco, CA 94104